

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50066 | **DATE** | MAR 27 2003 |
| **CASE TITLE** | Willie James Booker #49544 v. City of Rockford | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated on the reverse Memorandum Opinino and Order, plaintiff's motion for leave to file in forma pauperis is granted. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, terminating case. Any other pending motions are denied as moot. The trust fund officer at plaintiff's current place of incarceration is ordered to make deductions from plaintiff's account and payments to the clerk of court as stated herein. A copy of this order shall be sent to the trust fund officer at Winnebago County Jail. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 28 2003 | 5 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. ✓ | 03 MAR 27 PM 4:29 | |
| | | FILED-WD | MAR 28 2003 date mailed notice |
| STE | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

The court finds that Plaintiff, Willie James Booker, a detainee confined at Winnebago County Jail, is unable to prepay the filing fee. The court grants plaintiff's motion to proceed in forma pauperis and assesses an initial partial filing fee of $5.91 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where plaintiff is confined is directed to collect monthly payments from plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $150 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Fiscal Dept., and shall clearly identify plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a suit brought in forma pauperis at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Plaintiff alleges that on September 11, 2001, he was arrested for aggravated battery with a firearm, pursuant to a warrant which he claims was invalid, because it was based on a criminal complaint, not an indictment. Additionally, on September 14, 2001, he was again arrested based on a warrant issued pursuant to a criminal complaint and not an indictment. Plaintiff remains incarcerated in the Winnebago County Jail on both of these arrests. He sues the city of Rockford, its Mayor, and two judges.

As a threshold matter, in order to recover damages from allegedly unconstitutional conviction or imprisonment, a 42 U.S.C. §1983 plaintiff must prove that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C.§2254." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This applies as well to pending criminal charges where there has not yet been a conviction, which is the case here. *Washington v. Summerville*, 127 F. 3d 552, 555-56 (7th Cir. 1997). Here, a determination that the warrant was not valid would necessarily invalidate his incarceration. For this reason, *Heck* applies to plaintiffs case. *Knowlin v. Thompson*, 207 F. 3d 907, 909 (7th Cir. 2000); *Antonelli v. Foster*, 104 F. 3d 899, 900 (7th Cir. 1997). In *Antonelli*, the Plaintiff sought damages for an alleged invalid parole violation warrant. There, the court held that the suit was barred by *Heck* because the Plaintiff had not proved that his detention had been invalidated. "A suit for damages for confinement pursuant to a warrant would also be a suit for malicious prosecution...which can succeed only if the prosecution fails, that is, only if the confinement is held to be unlawful in the proper forum." *Id.*

Additionally, Plaintiff seems to believe that an arrest warrant is invalid if based only on a criminal complaint and not an indictment. This is not the case. *See generally* 725 ILCS 5/111-2, commencement of prosecutions; 725 ILCS 5/107-2 arrest by police officer; 725 ILCS 5/107-9 issuance of arrest warrant upon complaint.

Finally, Plaintiff sues only the judges and the mayor of the city of Rockford. It is well settled that judges are not liable for judicial acts unless they acted in clear absence of all jurisdiction. *Ryan v. County of DuPage*, 1994 WL 24313 (N.D.Il. 1994), citing *Stump v. Sparkman*, 435 U.S. 349, 356-67 (1978). Therefore, absolute judicial immunity is granted to judges acting within the scope of their official duties, even if a judge acts maliciously or in excess of authority. *DeBoer v. Martin*, 537 F. Supp. 1159, 1162( N.D. Il. 1982). Regarding the city of Rockford and its mayor, municipalities are not liable for 42 U.S.C.§1983 violations unless there is a direct causal link between its custom or policy and the injury. *Forman v. Richmond Police Dept.*, 104 F. 3d 950, 965 (7th Cir. 1997). There is no custom or policy of the city involved in this claim.

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). If he wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Rule 4(a)(4), Fed.R.App.P. If he does so, he will be liable for the $105 appellate filing fee. Unless he is granted leave to proceed in forma pauperis, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If this court finds that appeal is not taken in good faith, and the Court of Appeals agrees, he will not be permitted to proceed in forma pauperis and pay the fee in installments, but will have to pay the fee immediately or the appeal will be dismissed. 28 U.S.C. § 1915(a)(3).

# United States District Court
## Northern District of Illinois
### Western Division

Willie James Booker

v.

City of Rockford Illinois, et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 03 C 50066

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's motion for leave to file in forma pauperis is granted. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, terminating case. Any other pending motions are denied as moot. The trust fund officer at plaintiff's current place of incarceration is ordered to make deductions from plaintiff's account and payments to the clerk of court as stated in the minute order of March 27, 2003. A copy of this order shall be sent to the trust fund officer at Winnebago County Jail. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

Michael W. Dobbins, Clerk of Court

Date: 3/27/2003

Susan M. Wessman, Deputy Clerk